IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.  CRIMINAL NO. 1:96cr37-1WJG
CIVIL ACTION NO. 1:06cv42WJG

JOHN KENNEDY WILLIAMS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant John Kennedy Williams' motion [235-1] to preserve new right or alternatively, to vacate or set-aside conviction or sentence pursuant to 28 U.S.C. § 2255. The Court shall treat this motion as one to vacate or set-aside under section 2255. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On February 20, 1997, Williams was convicted at trial of one count of conspiracy to possess with intent to distribute cocaine hydrochloride and two counts of interstate travel in aid of racketeering. The Fifth Circuit affirmed his conviction and sentencing in February 1998. On June 27, 2000, this Court denied Williams' prior section 2255 petition.

Williams files the instant petition seeking relief pursuant to *U.S. v. Booker*, 125 S. Ct. 738 (2005). As recently explained by the Fifth Circuit in *In re Elwood*:

> In *Booker,* a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey,* 120 S.Ct. 2348 (2000), and *Blakely v. Washington,* 124 S.Ct. 2531 (2004): pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by

a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756.  A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only.  *Id.* at 756-57.

408 F.3d 211.  Williams raises *Booker*, but it is unclear to what end.

Regardless of Williams' intentions, the Fifth Circuit has expressly held that "*Booker* does not apply retroactively on collateral review for purposes of a successive [section] 2255 motion." *Elwood*, 408 F.3d at 213.  Indeed, *Booker* applies only to cases on direct review.  (*Id.*) Additionally, the Court finds that Williams failed to comply with the certification provision of section 2255, and his petition should be denied as a successive motion.  Its is therefore,

ORDERED AND ADJUDGED that Williams' motion to vacate [235-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 22nd day of February, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE
